F I L E D
**United States Court of Appeals
Tenth Circuit**

**August 15, 2006**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID SHAWN JOHNSON,

             Petitioner-Appellant,

v.

LENORA JORDAN, Warden,

             Respondent-Appellee.

No. 06-5080
(D.C. No. 02-CV-630-TCK-PJC)
(N.D. Okla.)

**ORDER**

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

Appellant is a state prisoner, appearing pro se, who seeks habeas relief pursuant to 28 U.S.C. § 2254. He was convicted of robbery after former conviction of two or more felonies and was sentenced to 199 years' imprisonment. His conviction was affirmed on direct appeal.

Appellant filed a § 2254 petition, claiming that his rights to due process and equal protection were violated when the trial court: (1) denied his motion to suppress in-court identification by the victim; (2) failed to give, sua sponte, an alibi instruction; (3) failed to declare a mistrial after several jurors reported that a spectator had intimidated them; and (4) allowed the admission of evidence of his

early release from prison on a prior sentence. The district court denied the petition. Order, 11 (N.D. Okla. Mar. 16, 2006).

As to his first claim, the record supports that the victim had ample opportunity to view Appellant during the course of the robbery and there was "no evidence that witness was the least bit uncertain in his identification at trial or when shown the photo arrays prior to trial." *Id*. at 5. Therefore, we conclude that the district court's denial of this claim for habeas corpus relief is not error.

Appellant did not request an alibi instruction at trial nor did he present an alibi defense, but he nevertheless argues that the trial court erred in failing to give sua sponte an alibi instruction. The district court found that Appellant "has failed to show that he was deprived of a fair trial by failure to give an alibi instruction," and we affirm the district court's discussion on this issue. *Id*. at 6.

Appellant claims that the trial court erred in not declaring a mistrial after several jurors reported that a spectator had intimidated them. The district court, after reviewing the entire record, found "nothing in the record suggesting that the trial court's acceptance of the jurors' representations that the spectator did not affect their consideration of the case was unfounded or incorrect." *Id*. at 9.

Last, Appellant's fourth claim, his challenge to the admission of evidence of early release, is a state evidentiary issue, not a constitutional issue. We agree with the district court's analysis that he is therefore not entitled to habeas corpus relief on the claim "unless he demonstrates that his trial was rendered

fundamentally unfair by the alleged error." *Id*. at 10. The evidence does not support that Appellant has met this burden.

Appellant now seeks from this court a certificate of appealability. The issues he raises on appeal are identical to those brought before the district court. To grant a certificate of appealability, Appellant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (1994). To meet this burden, Appellant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

We have carefully reviewed Appellant's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Appellant's filing raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the same reasons set forth by the district court in its order of March 16, 2006, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.*

Accordingly, we **DENY** Appellant's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge